Memorandum. At the suppression hearing, defendant’s counsel did not express disagreement with the hearing court’s comment that there was no disputed issue with respect to the police officers’ right "to go over to” the car to investigate the suspicious activity they had previously observed (cf. People v De Bour, 40 NY2d 210). The only question was whether the police could also direct the defendant to shut off the ignition and get out of the car which was then stopped at a traffic light. The hearing court accepted the officers’ testimony that this was done in order to insure their safety during the inquiry and this factual determination was not disturbed by the Appellate Division. In view of this we have concluded that the officers acted reasonably under the circumstances. Thus the evidence which was observed in plain view, as the defendant prepared to leave the car, should not be suppressed.
Accordingly, the order of the Appellate Division should be reversed, the conviction reinstated and the case remitted to the Appellate Division for review of the facts.
*878 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and the case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.